UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

GANINE M. HOARD, )
           Movant, )
)
vs. ) 4:10-cv-75-SEB-WGH
)
UNITED STATES OF AMERICA. )

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Ganine Hoard for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The ' 2255 Motion**

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Hoard has filed such a motion.

The pleadings and the expanded record show the following: Hoard was convicted of money laundering in 2006 in No. 4:05-cr-019-006. She completed her term of imprisonment on October 26, 2007, and was released on that date to the service of her 3-year term of supervised release.

On March 5, 2010, Hoard=s probation officer submitted a petition to the court alleging seven separate violations of Hoard=s supervised release. Hoard was arrested on April 14, 2010, and she appeared before a United States Magistrate Judge that day for an initial hearing. Hoard waived her right to a preliminary hearing. The parties advised the court that they had reached an agreement. The agreement provided that Hoard would admit to the seven supervised release violations and she would be sentenced to a term of imprisonment of 15 months to be followed by 21 months of supervised release. The Magistrate Judge then conducted a revocation hearing.

At the revocation hearing, the Magistrate Judge placed Hoard under oath. Hoard testified that she admitted to the seven supervised release violations. The Magistrate Judge asked Hoard whether she "was making these admissions voluntarily and free from any duress, promises, or undue influence." Hoard responded in the affirmative. The Magistrate Judge concluded that Hoard's "admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation" of her supervised release. The Magistrate Judge recommended that Hoard be imprisoned for 15 months to be followed by a term of supervised release of 21 months. The court approved and adopted the Magistrate Judge's Report and Recommendations, and entered Judgment on April 21, 2010. No direct appeal was filed with respect to the revocation of supervised release and sentence.

The government argues that Hoard's § 2255 motion is barred by her knowing and voluntary guilty plea. Hoard argues that her plea was not voluntarily made because of ineffective assistance of counsel. Hoard alleges that her attorney failed to spend enough time with her and failed to adequately explain the specifics of the plea agreement. She argues that she signed the agreement under duress.

"To prevail on an ineffective assistance claim, a petitioner must establish that h[er] 'counsel's performance was deficient' and that 'the deficient performance prejudiced the defense.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To demonstrate deficient performance, the petitioner must show 'that counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). "This means identifying acts or omissions of counsel that could not be the result of professional judgment. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (quoting *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011)). The court need not discuss this prong of the ineffective assistance claim because Hoard has failed to attempt to show prejudice.

In the context of a guilty plea, to establish prejudice, the movant "must demonstrate through objective evidence that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Id.* (internal quotation omitted). Hoard does not identify what matters, if any, she did not understand, in relation to the plea agreement. Moreover, she does not advise the court that she would have chosen to go to trial if counsel had acted differently in any specific manner.

In addition, at the revocation hearing, Hoard was given the opportunity to admit or deny the violations of her supervised release. When placed under oath, she admitted to the violations. Hoard assured the court that she was not making the admissions under any kind of duress, promises, or undue influence. The court must be able to rely on her testimony. "We treat sworn statements made in open court most seriously and demand that parties tell the truth." *Koons*, 639 F.3d at 352.

As further recognition that her plea was voluntary, in her letter of February 3, 2011, Hoard states that she "accepted responsibility for my mistakes," but she believes that her sentence of 15 months imprisonment and 21 months probation were "unjust and unfair." Rather than dispute the voluntariness of her plea, she asks the court to reduce her prison term and eliminate the term of probation.

Hoard has not shown prejudice in the context of her claim of ineffective assistance of counsel. She has also failed to demonstrate that her guilty plea was not given knowingly and voluntarily.

The foregoing circumstances show that Hoard is not entitled to relief pursuant to 28 U.S.C. ' 2255. The motion for relief pursuant to ' 2255 is therefore denied. Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Hoard has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/03/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana